**In re WILSON FOODS CORPORATION.**

**In re WILSON CERTIFIED EXPRESS, INC.,**

**In re WILLIAMS MEAT CO., INC.,**

**In re FISCHER PACKING COMPANY, Debtors.**

**WILSON FOODS CORPORATION, et al., Plaintiffs,**

**v.**

**UNITED FOODS AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, et al., Defendants.**

**Bankruptcy Nos. Bk–83–01034, Bk–83–01040, Bk–83–01038 and Bk–83–01039. Adv. No. 83–0404.**

United States Bankruptcy Court, W.D. Oklahoma.

June 14, 1983.

Roy H. Carlin and John A. Lowe, of Reavis & McGrath, New York City, William

J. Rodgers, of Pepper, Hamilton & Scheetz, Washington, D.C., G. Blaine Schwabe, III, of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, and Reef C. Ivey II, Gen. Counsel, Wilson Foods Corp., Oklahoma City, Okl., for debtors.

Margery E. Lieber, Deputy Asst. Gen. Counsel for Special Litigation and David R. Marshall, co-counsel, Washington, D.C., for the N.L.R.B.

Peggy Hillman and Russell Woody, of Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., and Dell Gordon, of Gordon & Gordon, Oklahoma City, Okl., for United Food and Commercial Workers, AFL–CIO, CLC, Local Union Nos. P–3, 6, 179, 280, 442, P–1200, 1218, 440, 327 and 72.

Robert E. Funk, Jr., Associate Gen. Counsel, Washington, D.C., for United Food & Commercial Workers Intern. Union, AFL–CIO and for Local Union Nos. 327 and 72.

Peter D. Wolfson and Marc E. Richards, of Booth, Lipton & Lipton, New York City, for the Official Labor Creditors' Committee of Wilson Foods Corp.

## DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

Wilson Foods Corporation and some of its subsidiaries are debtors in possession in bankruptcy reorganization proceedings they instituted pursuant to chapter 11 of title 11 of the United States Code.

Immediately after filing the petitions Wilson and the two other plaintiff subsidiaries brought this action against the United Food and Commercial Workers International Union and the other defendants. The complaint seeks judgment approving rejection of collective bargaining agreements under 11 U.S.C. § 365. That action is pending.

After filing for reorganization Wilson independently reduced wages otherwise owed its employees under the contracts. Some of the defendants have since requested that the National Labor Relations Board bring administrative complaints against Wilson under the National Labor Relations Act. See 29 U.S.C. §§ 158 and 160. At least one regional office of the Board has issued a complaint.

■ The National Labor Relations Act provides that the Board is empowered to investigate and conduct hearings to determine if an employer has committed unfair labor practices. If the Board concludes violations have occurred it can determine the compensation owed employees and order other relief such as reinstatement. The Congressional policies embodied within these provisions concerning employer-employee relations are both fundamental and of long duration. Consequently, collective bargaining agreements are accorded special status, *United Steelworkers of America v. Warrior & Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) and *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), which is recognized in bankruptcy proceedings. *E.g., Shopmen's Local Union No. 455, ECT. v. Kevin Steel Products, Inc.*, 519 F.2d 698 (2d Cir.1975).

Wilson has now applied to this Court for an order enjoining the defendants from commencing or continuing administrative proceedings and staying further action by the Board. While the Board is not a defendant it has appeared for purposes of being heard on this application only. The relief sought by Wilson rests upon 11 U.S.C. §§ 362 and 105. These sections of the Bankruptcy Code stay certain actions against a debtor and permit the bankruptcy court to issue orders necessary to carry out the provisions of title 11.

Wilson sought initially to temporarily restrain the conduct of which it complains. That application was denied for lack of any demonstrated irreparable harm or other threat of harm to the bankruptcy estates. See Rule 765 of the Bankruptcy Rules and Rule 65 of the Federal Rules of Civil Procedure. The application for permanent injunction has now been heard.

The issues focus upon friction which exists between federal bankruptcy and labor law.

Wilson relies primarily upon *In re Bildisco,* 682 F.2d 72 (3d Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 784, 74 L.Ed.2d 992 (1983). There it was determined that the Board must defer consideration of post-bankruptcy charges brought by employee representatives until the bankruptcy court rules on the issue of rejection. 682 F.2d at 84. The postulate is that a debtor in possession is a new entity, not party to any collective bargaining agreements, absent assumption, and is thus a successor employer required only to bargain with representative unions. The Court of Appeals for this circuit has not had occasion to address this particular issue.

We believe, however, that *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), states the rule which ought to be applied in determining Wilson's application. Though decided prior to the current Bankruptcy Code there are no substantive distinctions between the principles considered in that decision and those applicable here.

In *Nathanson* the Board was seeking to enforce a back pay order against a company in bankruptcy. The Court considered whether the Board or bankruptcy court should decide if unfair labor practices had occurred and, if so, proper compensation owed employees. In plain language the Court says "... wise administration ... demands that the bankruptcy court accommodate itself to the administrative process and refer to the Board the liquidation of the claim, giving the Board a reasonable time for its administrative determination." 344 U.S. at 30, 73 S.Ct. at 84.

■ If the Board determines Wilson committed unfair labor practices it can fix an amount owed the employees. As stated in *Nathanson* that liability can become a liquidated claim against the bankruptcy estate. If objections are made it then becomes the function of this court to rule upon allowance. 11 U.S.C. § 502. Any questions of priority would also be determined in this court. 11 U.S.C. § 507.

The question of what is a reasonable time for the Board to make its determination need not be considered now. Counsel for the Board has stated that it expedites proceedings upon request. We assume the Board will be mindful of the harm that can befall an estate in reorganization proceedings due to unreasonable delay, and will seek to accommodate itself to the bankruptcy process in this regard.[1]

■ As part of the application Wilson asks also for an injunction to prevent the Board commencing action in a district court under section 10(j) of the National Labor Relations Act. 29 U.S.C. § 160(j). This request is premature for the Board has not attempted to exercise its power under that section and may never do so. We must presuppose that the Board, in considering whether to move under section 10(j), will weigh the fact that Wilson is already subject to this Court's jurisdiction and will not intentionally cause needless dissipation of the estates' assets nor create unnecessary conflict between separate courts of the United States. If, however, future events should create threat of harm to the estates those facts can then be considered in keeping with this Court's duties and responsibilities under the Bankruptcy Code.

For the foregoing reasons it is ordered that plaintiffs' application for injunctive relief is denied.

---

1. If at some future date the contingent or unliquidated nature of the employees' claims operates to delay closing the case unduly they can be estimated for purposes of allowance. 11 U.S.C. § 502(c)(1). *See also In re Unit Parts Co.,* 9 B.R. 386 (D.W.D.Okl.1981).